## Commonwealth ex rel. v. Jankovic, Appellant.

*Corporations—Officers—Removal of treasurer—Quo warranto.*

Where a corporation has power to remove its treasurer for cause, and
the treasurer is notified of the time and place of a meeting of the board
of directors for the purpose of determining his guilt or innocence as to
certain irregularities in his accounts, and to take action thereon, and the
board of directors in the absence of the treasurer who refuses to appear,
considers the charges, declares him guilty of appropriating moneys of the
association to his own use and expels him, the corporation may thereafter
maintain a quo warranto against the treasurer to oust him from his office
and compel him to surrender the money and books of the association.

Argued Oct. 30, 1906.    Appeal, No. 168, Oct. T., 1906, by
defendant, from judgment of C. P. No. 2, Allegheny Co., April
Term, 1906, No. 376, of ouster on quo warranto in case of
Commonwealth ex rel. Tomo Lackovic v. A. C. Jankovic.
Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER,
ELKIN and STEWART, JJ.    Affirmed.

Quo warranto to oust A. C. Jankovic from his office as
treasurer of the National Croatian Society.

FRAZER, P. J., filed the following opinion :

The petition sets out that the National Croatian Society of
the United States of America is a corporation duly created
and existing under the laws of this commonwealth and that
respondent was at a convention of its members duly held in
September, 1904, elected as high treasurer of the corporation
and after having duly qualified has continued to act as such

officer.    It further appears that on June 6, 1905, the board of trustees of the association called a meeting of the board of directors in accordance with the by-laws, setting forth in the call that the accounts of the respondent as treasurer of the association were irregular, incorrect and false and asking that a meeting be held for the purpose, inter alia, " of determining the guilt or innocence of respondent and take action thereon." In accordance with such request a meeting of the board of directors, of which respondent had due notice in writing, was held at the general office of the corporation in the city of Allegheny, at which more than a majority of the directors were present.    Respondent was not present and refused to appear at the meeting.    Upon consideration of the charges against respondent, the board of directors by a two-thirds vote in the affirmative declared him guilty of the charge of appropriating to his own use without any right or authority whatsoever certain moneys of the association, namely, " divers and many benefits rightly due and owing to certain beneficiaries of said Society, which he has been directed as such High Treasurer to pay to the proper beneficiaries."    Thereupon the board of directors removed and expelled respondent from his office of high treasurer of the society, and upon August 12, elected as his successor in office, the relator, Tomo Lackovic, who has duly qualified and has given bond with surety in the sum of $10,000, as required by the society.    It is further alleged that respondent, although notified of his expulsion from office, declines to surrender the same and deliver over to the society the money, books and property belonging to the society in his possession as such high treasurer.    To the petition respondent makes answer, admitting generally the allegations contained in the petition, but denying any irregularities or shortages in his accounts, and as further answer says, " that respondent, as a banker and forwarding agent, took credit out of certain benefits payable by said society to certain beneficiaries abroad, of certain commissions and fees for negotiating its exchange, all of which are proper and legal, and for the retaining of which there is no ground of complaint against respondent."    To the answer relator demurred.

The question here is the legality of the society's action in removing respondent from his office of high treasurer.    That

it had a right to do so for sufficient cause and upon hearing, there can be no doubt.   All we can consider here is the legality of the action of the board of directors.   The petition alleges malfeasance in office upon the part of respondent, notice of the charges against him and of the time and place of hearing as required by the rules of the society, and his expulsion from office.   No complaint is made of the manner of procedure against respondent except that he denies that the call for a meeting of the board of directors " set forth any charge of irregularities or falsifications " in his books or accounts.   While the notice, perhaps, in so many words, does not allege shortage and falsification in respondent's accounts, it does allege in detail irregularities and retention by him of moneys belonging to beneficiaries of the society, and notified him of the time and place of the meeting of the board of directors " to determine the guilt or innocence of said Jankovic and take action thereon." This, it seems to us, was a sufficient notice to respondent of the charges against him, and, if he had any answer to make thereto, he should have attended the meeting and made his defense. Not having done so, the proceedings being regular and the charge sufficient for his removal if established, he must abide the result.   The defense set up in the answer that the shortages alleged were not such but were made up of " commissions and fees for negotiating exchange " deducted by respondent from beneficiaries in making payment to them, should have been made to the board of directors to be passed upon by them.   Whether the deduction of such moneys and their retention by respondent, who was a salaried officer of the society and whose duty it was to make payment to beneficiaries, was improper, was a question for the directors to first pass upon and determine, and cannot be considered by us in this proceeding.   The directors having acted in accordance with the rules and by-laws of the society, and, after hearing, having found respondent guilty of the charges preferred against him, had a right to remove him from office and elect another member in his place, and, having done so, respondent must submit to their action.

And now, June 28, 1906, the demurrer to the answer is sustained and respondent is ousted from his office as high treasurer of the National Croatian Society of the United States of

America, and he is further directed forthwith to pay over and deliver to relator all moneys, books and property in his hands as such officer belonging to the society.

*Error assigned* was the judgment of the court.

*E. W. Arthur*, with him *W. S. Thomas*, for appellant, cited: Com. ex rel. v. Benevolent Society, 2 Binn. 441; Evans v. Philadelphia Club, 50 Pa. 107; Com. ex rel. v. Beneficial Society, 17 Phila. 277; Com. ex rel. Fischer v. German Society, 15 Pa. 251; Com. v. Guardians of the Poor, 6 S. & R. 469; Com. ex rel. v. Pike Beneficial Society, 8 W. & S. 247; O'Hara v. Stack, 90 Pa. 477; Society for Visitation of the Sick v. Com., 52 Pa. 125; Com. ex rel. v. Hargest, 7 Pa. C. C. Rep. 333; Com. ex rel. v. Lentz, 9 North. 75.

*R. T. M. McCready*, for appellee, cited: Com. v. German Society, 15 Pa. 251; Crow v. Capital City Council, 26 Pa. Superior Ct. 411; Society for Visitation of the Sick v. Com., 52 Pa. 125; Com. v. McCutchen, Parsons, 205; Com. v. Beneficial Society, 8 W. & S. 247; Com. v. Union League, 135 Pa. 301; Myers v. Fritchman, 6 Pa. Superior Ct. 580.

PER CURIAM, January 7, 1907:
Judgment affirmed on the opinion of the court below.